IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00574-BNB

STEPHEN M. WEBER,

      Plaintiff,

v.

STEPHANIE WHALUM, CO APD,
AMY WEICHEL, CO APD,
NICK LUBCHENKO, CO APD,
JUDD LOHNES, CO APD,
ALICE NORMAN, CAPD,
JAKE JOYCE, CAPD,
COLORADO PUBLIC DEFENDER'S OFFICE,
THE DENVER DISTRICT ATTORNEY'S OFFICE,
CHIEF DEPUTY DISTRICT ATTORNEY MAGGIE CONBOY,
ADA BRIAN DUNN,
ADA SUNNY FUNK,
ADA UNKNOWN, Case Number 08MO9596,
ADA UNKNOWN, Case Number 08MO9592,
MUNICIPAL ASSISTANT DISTRICT ATTORNEY,
MADA UNKNOWN, Case Number 09GS200121, and
MADA UNKNOWN, Case Number 09GS163046,

      Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Stephen M. Weber, initiated this action by filing *pro se* a Civil Rights

Complaint (ECF No. 1).  On April 5, 2012, Mr. Weber filed an Amended Complaint (ECF

No. 5) on the proper form.  Mr. Weber asserts claims pursuant to 42 U.S.C. § 1983

alleging that his rights under the United States Constitution were violated by a number

of prosecutors and public defenders in a series of Colorado state court criminal cases

between 2008 and 2010.  As relief Mr. Weber seeks damages and imposition of

sanctions against Defendants.

Mr. Weber has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss any of Mr. Weber's claims that are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Pursuant to § 1915(e)(2)(B)(iii), the Court must dismiss any claims in which Mr. Weber is seeking monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the Amended Complaint pursuant to § 1915(e)(2)(B)(i) & (iii).

The Court must construe the Amended Complaint liberally because Mr. Weber is not represented by an attorney in this action. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Weber's claims in the Amended Complaint arise out of a series of state court criminal cases between 2008 and 2010. Mr. Weber has named as Defendants the individual prosecutors and public defenders involved in his state cases because "[e]xculpatory evidence was withheld by the Denver District Attorney[']s Office in May of 2008 up to March of 2010" and "[a]ll of Plaintiff[']s [public defenders] were negligent of

2

my defense and refused instruction, direction, and due process of law." (ECF No. 5 at

3.) In addition to suing the individual prosecutors and public defenders, Mr. Weber also

has named as Defendants the Denver District Attorney's Office and the Colorado Public

Defender's Office because those entities "failed to adequately supervise their

employees and freely allowed Brady violations to occur furthering the violation of

plaintiff[']s civil rights." (ECF No. 5 at 14.)

Mr. Weber's claims against his public defenders must be dismissed. Defense

attorneys, whether court-appointed or privately retained, performing in the traditional

role of attorney for the defendant in a criminal proceeding are not deemed to act under

color of state law; such attorneys represent their client only, not the state, and cannot be

sued in a § 1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v.

Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). Therefore, Mr. Weber's claims against his

public defenders are legally frivolous and will be dismissed for that reason.

Mr. Weber also may not sue the individual prosecutors in this § 1983 action.

"[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings

or for trial, and which occur in the course of his [or her] role as an advocate for the

State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*,

509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).

Furthermore, absolute prosecutorial immunity encompasses claims that the prosecutor

"knowingly used false testimony and suppressed material evidence." *Imbler v.

Pachtman*, 424 U.S. 409, 413 (1976). "Whether the claim involves withholding

evidence, failing to correct a misconception or instructing a witness to testify evasively,

absolute immunity from civil damages is the rule for prosecutors." *Robinson v.*

3

*Volkswagenwerk AG*, 940 F.2d 1369, 1373 n.4 (10th Cir. 1991); *see also Brandley v. Keeshan*, 64 F.3d 196, 201 (5th Cir. 1995) (concluding that absolute prosecutorial immunity extends to claims of witness intimidation and suppression of evidence) (abrogated on other grounds by *Wallace v. Kato*, 549 U.S. 384 (2007)).  Therefore, the claims for damages against the individual prosecutors will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Finally, Mr. Weber also may not sue either the Colorado Public Defender's Office or the Denver District Attorney's Office pursuant to 42 U.S.C. § 1983.  The Colorado Public Defender's Office, which the Court construes as the Colorado office of state public defender, is an agency of the judicial department of the Colorado state government.  *See* Colo. Rev. Stat. § 21-2-101.  Likewise, the Denver District Attorney's Office also is a state agency because a district attorney is a state officer under Colorado law.  *See Romero v. Boulder Cnty. DA's Office*, 87 F. App'x 696, 698 (10th Cir. 2004).  As a result, these agencies are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

"It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity.  *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  Therefore, Mr. Weber's

4

claims against the Denver District Attorney's Office and the Colorado Public Defender's Office also will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

In summary, the claims against the individual public defenders are legally frivolous and all other Defendants are immune from suit. To the extent Mr. Weber seeks relief in this action from the Defendants entitled to immunity other than damages, he fails to cite any authority that would authorize such relief. Therefore, the entire action will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) because Plaintiff's claims either are legally frivolous or he is seeking relief from Defendants who are entitled to immunity. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this ___10th___ day of ___April_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court